# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| **WILLIE DICKERSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| *versus* | § | **CIVIL ACTION 4:21-cv-03805** |
| | § | **JURY TRIAL DEMANDED** |
| **DENIS MCDONOUGH, SECRETARY,** | § | |
| **DEPARTMENT OF VETERANS** | § | |
| **AFFAIRS** | § | |
| **Defendants.** | | |

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S THIRD AMENDED COMPLAINT

Respectfully Submitted,

JENNIFER B. LOWERY
United States Attorney
Southern District of Texas

By: */s/ Ariel N. Wiley*
    Ariel N. Wiley
    Assistant United States Attorney
    Texas Bar No. 24093366
    Federal ID No. 2554283
    1000 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone: (713) 567-9000
    Facsimile: (713) 718-3303
    Email: ariel.wiley@usdoj.gov

ATTORNEY FOR DEFENDANT

# TABLE OF CONTENTS

Table of Contents ..........................................................................................................................II
Table of Authorities.................................................................................................................... IV
Factual Background .........................................................................................................................1
Nature and Stage of the Proceedings.........................................................................................2
Statement of the Issue ...................................................................................................................3

    1)       Whether Plaintiff's FMLA claim is barred by sovereign immunity .............................3

    2)       Whether Plaintiff exhausted his administrative remedies........................................3

    3)       Whether Plaintiff stated a claim for denial of a reasonable accommodation. ......................3

    4)       Whether Plaintiff stated a claim for disability discrimination. ................................3

    5)       Whether Plaintiff's disability discrimination claim will prevail under the McDonnell Douglas framework..............................................................................................................3

    6)       Whether Plaintiff stated a claim for retaliation. ...........................................................3

    7)       Whether Plaintiff's retaliation claim will prevail under the McDonnell Douglas framework........................................................................................................................3

Exhibits ............................................................................................................................................3
Summary of Argument...................................................................................................................4
Standard of Review.........................................................................................................................4
    I.       Federal Rule of Civil Procedure 12(b)(1) ....................................................................4
    II.      Federal Rule of Civil Procedure 12(b)(6) ....................................................................6

Argument and Authorities .............................................................................................................6

    I.       Plaintiff's FMLA claim is barred by sovereign immunity..........................................6

    II.      Plaintiff failed to exhaust his administrative remedies................................................7
      A.    Standard. ...............................................................................................................7
      B.    Plaintiff cannot sue for being removed from his position as a medical supply technician on October 8, 2019, because he failed to exhaust that claim...................................8

    III.    Plaintiff's disability discrimination claims for failure to provide a reasonable accommodation claim fails as a matter of law..............................................................8
      A.    Standard. ...............................................................................................................8
      B.    To the extent Plaintiff now claims that he could have been accommodated, Plaintiff's claim fails as a matter of law because he is not disabled...............................................10
      C.    To the extent that Plaintiff is disabled, his disabilities are so voluminous that Plaintiff cannot be accommodated with anything other than liberal leave. .....................................11

D.      Plaintiff alleges that the Department of Labor is the agency that decided that he was not allowed to work. ...............................................................................................................12

E.      The VA provided an accommodation by allowing the Plaintiff to use liberal amounts of leave. ...........................................................................................................................13

F.      To the extent that Plaintiff alleges that he successfully performed the job for months without an accommodation, Plaintiff is not entitled to an accommodation. ....................13

IV.     Plaintiff's disability discrimination claim fails as a matter of law. .........................................14

A.      Standard. .........................................................................................................................14

B.      To the extent that Plaintiff claims that his only restriction was an inability to lift heavy objects, Plaintiff does not have a disability. .......................................................................15

C.      Plaintiff alleges that the Department of Labor is the agency that decided to take the Plaintiff "off the job." .....................................................................................................16

D.      Plaintiff does not have an adverse employment action. ......................................................16

V.      Plaintiff's disability discrimination claim fails under the McDonnell Douglas framework. ...........................................................................................................................17

A.      Standard. .........................................................................................................................17

B.      The VA has a legitimate non-discriminatory reason for placing the Plaintiff on liberal use of leave. ...........................................................................................................................18

VI.     Plaintiff's retaliation claim fails as a matter of law. ...............................................................18

A.      Standard. .........................................................................................................................18

B.      Plaintiff has no causal connection between his protected activity and his termination. ....19

VII.    Plaintiff's retaliation claim fails under the McDonnell Douglas framework. ....................20

A.      Standard. .........................................................................................................................20

B.      The VA has a legitimate non-discriminatory reason for terminating the Plaintiff's employment. .....................................................................................................................21

Conclusion .................................................................................................................................21

# TABLE OF AUTHORITIES

Page(s)

Cases

*AMTRAK v. Morgan,*
536 U.S. 101 (2002) ................................................................................................................8

*Army & Air Force Exch. Serv. v. Sheehan,*
456 U.S. 728, 102 S. Ct. 2118, 72 L. Ed. 2d 520 (1982) .....................................................7

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...............................................................................................................6

*Atkins v. Se. Cmty. Health Sys.,*
712 F. App'x 388 (5th Cir. 2017) ........................................................................................19

*Austgen v. Allied Barton Sec. Servs., L.L.C.,*
815 F. App'x 772 (5th Cir. 2020) ........................................................................................16

*Ball v. LeBlanc,*
792 F.3d 584 .............................................................................................................................9

*Barricks v. Minyard Food Stores, Inc.,*
170 F.3d 184 (5th Cir. 1999) .....................................................................................9, 16, 17

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ...............................................................................................................6

*Bennett–Nelson v. Louisiana Board of Regents,*
431 F.3d 448 (5th Cir. 2005) .............................................................................................8, 9

*Brown v. Gen. Servs. Admin.,*
425 U.S. 820 (1976) ...............................................................................................................7

*Brumfield v. City of Chicago,*
735 F.3d 619 (7th Cir. 2013) ...............................................................................................14

*Bryan v. Chertoff,*
217 F. App'x 289 (5th Cir. 2007) ........................................................................................19

*Cadena v. El Paso Cty.,*
946 F.3d 717 (5th Cir. 2020) .................................................................................................9

*Carlson v. White,*
No. 04-41456, 133 Fed. Appx. 144 (5th Cir. 2005) .............................................................6

*Clark Cnty. Sch. Dist. v. Breeden,*
    532 U.S. 268 (2001) .................................................................................................... 19

*Clark v. Charter Commc'ns, L.L.C.,*
    775 F. App'x 764 (5th Cir. 2019) ............................................................................... 17

*Crawford v. US. Dep't of Homeland Sec.,*
    245 F. App'x 369 (5th Cir. 2007) ............................................................................... 15

*Crenshaw-Logal v. City of Abilene,*
    436 F. App'x 306 (5th Cir. 2011) ................................................................................. 5

*Dark v. Potter,*
    293 Fed. Appx. 254 (5th Cir. 2008) .......................................................................... 15

*Davis v. Dallas Area Rapid Transit,*
    383 F.3d 309 (5th Cir. 2004) ..................................................................................... 18

*Den Norske Stats Oljeselskap As v. HeereMac Vof,*
    241 F.3d 420 (5th Cir. 2001) ....................................................................................... 4

*Dutcher v. Ingalls Shipbuilding,*
    53 F.3d 723 (1995) ..................................................................................................... 11

*E.E.O.C. v. LHC Grp., Inc.,*
    773 F.3d 688 (5th Cir. 2014) ......................................................................... 9, 15, 17

*FDIC v. Meyer,*
    510 U.S. 471, (1994) ................................................................................................... 6

*Feist v. La, Dep't of Justice, Office of the Att'y. Gen.,*
    730 F.3d 450 (5th Cir. 2013) ..................................................................................... 19

*Foreman v. Babcock & Wilcox Co.,*
    117 F.3d 800 (5th Cir. 1997) ..................................................................................... 10

*Goudeau v. Nat'l Oilwell Varco, L.P.,*
    793 F.3d 470 (5th Cir. 2015) ..................................................................................... 19

*Griffin v. United Parcel Serv., Inc.,*
    661 F.3d 216 (5th Cir. 2011) ....................................................................................... 9

*Hebert v. U.S.,*
    438 F.3d 483 (5th Cir. 2006) ....................................................................................... 6

*Hedberg v. Ind. Bell Tel. Co.,*
    47 F.3d 928 (7th Cir. 1995) ....................................................................................... 13

*Hoffman v. Caterpillar, Inc.,*
  256 F.3d 568 (7th Cir. 2001) ....................................................................14

*Jenkins v. Cleco Power, LLC,*
  487 F.3d 309 (5th Cir. 2007) ......................................................................9

*Jones v. Lubbock Cty. Hosp. Dist.,*
  834 F. App'x 923 (5th Cir. 2020) ..............................................................10

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
  511 U.S. 375 (1994) ....................................................................................5

*Lopez v. Kempthorne,*
  684 F.Supp. 2d 827 (S.D. Tex. 2010) ........................................................15

*McDonnell Douglas Corp v. Green,*
  411 U.S. 792 (1973) ..................................................................................20

*Mississippi State Democratic Party v. Barbour,*
  529 F.3d 538 (5th Cir. 2008) ......................................................................5

*Mogenhan v. Shinseki,*
  630 F. Supp. 2d 56 (D.D.C. 2009) ..............................................................7

*Montez v. Dep't of the Navy,*
  392 F.3d 147 (5th Cir. 2004) ......................................................................6

*Myers v. Crestone Intern., L.L.C.,*
  121 F. App'x 25 (5th Cir. 2005) ................................................................19

*Owen Equip. & Rection Co. v. Kroger,*
  437 U.S. 365 (1978) ....................................................................................5

*Park v. Howard Univ.,*
  71 F.3d 904 (D.C. Cir. 1995) ......................................................................7

*Patterson v. Johnson,*
  391 F.Supp.2d 140 (D.D.C. 2005) ..............................................................8

*Pinkerton v. Spellings,*
  529 F.3d 513 (5th Cir. 2008) ....................................................................18

*Renne v. Geary,*
  501 U.S. 312 (1991) ....................................................................................5

*Rodriguez v. Eli Lilly & Co.,*
  820 F.3d 759 (5th Cir. 2016) ....................................................................15

VI

*School Bd. of Nassau County v. Arline*,
  480 U.S. 273 (1987) ........................................................................................9

*Septimus v. Univ. of Houston*,
  399 F.3d 601 (5th Cir. 2005) .......................................................................19

*Smith v. Harris Cty., Texas*,
  956 F.3d 311 (5th Cir. 2020) .........................................................................8

*Standley v. Rogers*,
  680 Fed. Appx. 326 (5th Cir. 2017) ..............................................................20

*Stanley v. Central Intelligence Agency*,
  639 F.2d 1146 (5th Cir. 1981) ........................................................................5

*Steel Co. v. Citizens for a Better*,
  *Env'*, 523 U.S. 83 (1998) ...............................................................................5

*Stockman v. Fed. Election Comm'n*,
  138 F.3d 144 (5th Cir. 1998) ..........................................................................4

*Stringer v. N Bolivar Consol. Sch. Dist.*,
  727 F. App'x 793 (5th Cir. 2018) ..................................................................16

*Teamer v. Napolitano*,
  2012 WL 1551309 (S.D. Tex. May 1, 2012) ...................................................6

*Tellabs, Inc. v. Makor Issued & Rights*,
  551 U.S. 308 (2007) ........................................................................................6

*U.S. Airways v. Barnett*,
  535 U.S. 391 (2002) ......................................................................................14

*United States v. Mitchell*,
  463 U.S. 206, (1983) .......................................................................................6

*Vande Zande v. Wis. Dep't of Admin.*,
  44 F.3d 538 (7th Cir. 1995) ..........................................................................13

*Warnell v. BP Prod., N. Am.*,
  2015 WL 4064171 (S.D. Tex. July 2, 2015) ...................................................8

*Warth v. Seldin*,
  422 U.S. 490 (1975) ........................................................................................5

*Wolcott v. Sebelius*,
  635 F.3d 757 (5th Cir. 2011) ......................................................................5, 6

*Zenor v. El Paso Healthcare Sys.*, Ltd.,
    176 F.3d 847 (5th Cir. 1999) ................................................................ 9, 15

## Statutes

5 U.S.C. §§ 6381-6387 ............................................................................... 6
29 U.S.C. § 705(9)(B) ............................................................................... 15
42 U.S.C. § 2000e-3(a) ............................................................................. 18
42 U.S.C. § 12102(1)(A) ........................................................................... 15
42 U.S.C. § 12102(1)(C) ........................................................................... 15
42 U.S.C. § 12102(2) ................................................................................ 10
42 U.S.C. § 12102(3)(B) ........................................................................... 15
U.S.C. § 790 ............................................................................................. 15

## Rules

Federal Rule of Civil Procedure 12(b)(1) ......................................... II, 4, 5
Federal Rule of Civil Procedure 12(b)(6) ......................................... II, 5, 6

## Regulations

29 C.F.R. 1614.106 .................................................................................... 7
29 C.F.R. pt. 1630 ..................................................................................... 9
29 C.F.R. § 1614.105(a)(1) ......................................................................... 7
29 C.F.R. § 1614.106(a) ............................................................................. 7
29 C.F.R. § 1630.2(j) ................................................................................ 11
29 C.F.R. § 1630.2(j)(1) ............................................................................ 10
29 C.F.R. § 1630.2(j)(3) (1996) ................................................................. 10
45 C.F.R. § 84.12(c)(1-3) ............................................................................ 9

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Denis McDonough, the Secretary of the Department of Veteran's Affairs, moves for dismissal of Plaintiff Willie Dickerson suit.

## FACTUAL BACKGROUND

Plaintiff began working at the Department of Veteran's Affairs (VA) as a medical supply technician on August 8, 2016. Dkt. 37 ¶ 15. Plaintiff alleges that around August 18, 2019, he was injured while at work which resulted in a torn rotator cuff and a lower back sprain. Dkt. 37 ¶ 18. Plaintiff alleges that he was "taken off the job" by the United States Department of Labor due to his injuries. Dkt. 37 ¶ 19. Plaintiff is referring to the "liberal leave" he received during this time. Dkt. 37 ¶ 74. Plaintiff does not allege that he reported his injury to the VA in 2019. The evidence attached to the complaint shows that Plaintiff did not receive an examination until December 30, 2019. Dkt. 37-2.  Plaintiff does not allege that he requested a medical reasonable accommodation prior to January 2020.

Plaintiff does not state what exactly his restrictions were between October 8, 2019, and January 16, 2020. Based on the attached evidence, Plaintiff has the following restrictions:

1.      Cannot lift more than fifteen (15) pounds.
2.      Cannot sit more than two (2) hours.
3.      Cannot stand more than two (2) hours.
4.      Cannot walk more than two (2) hours.
5.      Cannot climb more than one (1) hour.
6.      Cannot kneel more than two (2) hours.
7.      Cannot bend/stoop more than two (2) hours.
8.      Cannot twist more than two (2) hours.
9.      Cannot pull or push more than two (2) hours.
10.     Cannot grasp for more than two (2) hours.
11.     Cannot use fine manipulation, including typing, for more than six (6) hours.
12.     Cannot reach above his shoulder for more than one (1) hour.

Plaintiff alleges that he was able to do "light duty," but he does not allege what "light duty" positions he could do within these restrictions. Dkt. 37 ¶ 20. Plaintiff also lists things that he believes

he could have done within his medical supply technician position, but Plaintiff does not explain how he could perform those jobs with the above restrictions.[1] Dkt. 37 ¶ 20.

Plaintiff allegedly returned to work on January 16, 2020. Plaintiff alleges that he was injured while at work, again, and this time the pain was unbearable. Dkt. 37 ¶ 28. Specifically, Plaintiff alleges that he could not get out of bed, went to the emergency room, and sometimes could not walk or even bathe himself. Dkt. 37 ¶ 32 and 33.

On February 1, 2021, Plaintiff returned to work without any medical restrictions. Dkt. 37 ¶ 34. Between February 1, 2021, and July 28, 2021, Plaintiff got into several altercations with another employee, Erian Felder. Dkt. 37-8. The altercations revolved around accusations about whether Felder had sexual relations with the Plaintiff's partner. Dkt. 37-8. This eventually resulted in a physical altercation between the Plaintiff and Felder. Dkt. 37-3 – 37-8. Felder and Plaintiff disagree about who threw the first punch, but all parties and witnesses agree that the two employees were yelling at each other, both employees assaulted each other, other employees had to break the fight apart, the police were called, and both Plaintiff and Felder had to be prevented from attacking one another. Dkt. 37-3 – 37-8. Plaintiff does not make any allegations that the fight was related to his disability.

As a result of the fight, Plaintiff's employment was terminated.

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff filed his first Equal Employment Opportunity (EEO) complaint on April 30, 2020. Ex. A. He alleges that he experienced a hostile work environment based on his disability. The EEO Commission (EEOC) determined that Plaintiff's claim that, "On October 8, 2019, management removed the complainant from his duties as a Medical Supply Technician" was not timely, and therefore, was dismissed as an independently actionable claim. EEOC ruled against the Plaintiff on

---

[1] It is worth noting that in previous complaints, Plaintiff alleged that the only restriction he had was that he could not lift more than fifteen (15) pounds. Plaintiff makes no such allegation in this complaint.

August 23, 2021. Plaintiff filed another EEO complaint on September 22, 2021, regarding his removal from federal employment on July 28, 2021, alleging that the removal was due to retaliation. EEOC ruled against the Plaintiff on September 19, 2022.

Plaintiff filed his original complaint on November 19, 2021. Dkt. 1. Defendant moved to dismiss the complaint for failure to state a claim. Dkt. 7. Before there was a ruling, Plaintiff filed an amended complaint. Dkt. 21. Defendant moved to dismiss the amended complaint as well. Dkt. 24. The Court granted the motion in part and denied it in part and gave the Plaintiff an opportunity to amend the complaint to establish a prima facie case. Dkt. 31. Plaintiff then filed a second amended complaint, and Defendant answered. Dkt. 34 and 36. Then, over Defendant's objections, Plaintiff moved for leave to file a third amended complaint. Dkt. 37 and 40. The Court granted leave for Plaintiff to file a third amended complaint.

Defendant now moves to dismiss Plaintiff's fourth complaint.

## STATEMENT OF THE ISSUE

1) Whether Plaintiff's FMLA claim is barred by sovereign immunity

2) Whether Plaintiff exhausted his administrative remedies.

3) Whether Plaintiff stated a claim for denial of a reasonable accommodation.

4) Whether Plaintiff stated a claim for disability discrimination.

5) Whether Plaintiff's disability discrimination claim will prevail under the McDonnell Douglas framework.

6) Whether Plaintiff stated a claim for retaliation.

7) Whether Plaintiff's retaliation claim will prevail under the McDonnell Douglas framework.

## EXHIBITS

**Exhibit A** –   Department of Veterans Affairs' Notice of Partial Acceptance of EEO complaint for Willie Dickerson Case No. 2003-0580-2020101779.

3

## SUMMARY OF ARGUMENT

This case should be dismissed with prejudice for several reasons. First, Plaintiff's FMLA claims are barred by sovereign immunity, and Plaintiff has not fully exhausted all his claims. Plaintiff's remaining discrimination and retaliation claims fail on their face. Plaintiff previously argued that his only working limitation was an inability to lift over fifteen (15) pounds. But Plaintiff's attached evidence shows that he had several limitations that affected the essential functions of the job, and Plaintiff received the only available accommodation, liberal amounts of leave. Even if Plaintiff provided a prima facie discrimination case, his claim fails under the McDonnell Douglas framework because Defendants gave the Plaintiff leave because he was unable to perform the essential functions of the job. As for his retaliation claim, Plaintiff's attached evidence clearly shows that Plaintiff was terminated for getting into a physical altercation at work, and Plaintiff does not present any plausible allegations to the contrary. Plaintiff's allegations are not plausible and have no bearing in fact or law. Therefore, Plaintiff's claim should be dismissed.

## STANDARD OF REVIEW

### I.   Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges a federal court's subject matter jurisdiction. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Because federal courts are courts of limited jurisdiction, it is incumbent that the courts dismiss an action "whenever it appears that jurisdiction may be lacking." *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). In ruling on a motion to dismiss for lack of subject matter jurisdiction, courts may evaluate: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). When a motion to dismiss for lack of jurisdiction "is filed in conjunction with other Rule 12 motions, the court should consider

4

the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Crenshaw-Logal v. City of Abilene,* 436 F. App'x 306, 308 (5th Cir. 2011); *see also Wolcott v. Sebelius,* 635 F.3d 757 (5th Cir. 2011).

Federal Rule of Civil Procedure 12(b)(1) requires the dismissal of a claim if the court lacks subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Owen Equip. & Rection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A federal court presumably lacks jurisdiction in a particular case unless the contrary affirmatively appears. *Mississippi State Democratic Party v. Barbour*, 529 F.3d 538, 545 n.8 (5th Cir. 2008) (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)). The party invoking federal jurisdiction bears the burden of proving its existence. *Steel Co. v. Citizens for a Better Env'*, 523 U.S. 83, 103-04 (1998); *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In addressing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), no presumptive truthfulness attaches to a plaintiff's allegations. *Id.*

Motions to dismiss for lack of subject-matter jurisdiction can attack a complaint on its face or on its facts. *Id.* A facial attack challenges the sufficiency of the complaint and requires the district court to accept the allegations in the complaint as true. *Id.* A factual attack goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends. *Id.*

In a factual attack, the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1). *Id.*: *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157-58 (5th Cir. 1981) (unlike a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a motion to dismiss for lack of subject-matter jurisdiction may consider materials outside of the pleadings without it converting into a motion for summary judgment). Also, the plaintiff "has the burden of proving by a preponderance of the evidence that the trial court does have jurisdiction." *Id.* However, subject matter jurisdiction and the merits of the case are considered intertwined when they are both dependent upon the same statute, and such cases should be resolved under Fed. R. Civ. P. 12(b)(6).

5

*Montez v. Dep't of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004).

## II.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive a 12(b)(6) motion, a plaintiff must frame a complaint with enough factual matter, taken as true, to suggest entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Factual allegations must raise a right to relief above the speculative level" and complaints that are no more than "labels and conclusions" or a "formulaic recitation of elements of a cause of action will not do." *Id. See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft* at 679. Courts, however, need not accept a plaintiff's legal conclusions. *Id* at 678. "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation omitted); *Teamer v. Napolitano*, 2012 WL 1551309, at *7 (S.D. Tex. May 1, 2012). A court may, however, consider documents attached or referred to in the complaint without converting a 12(b)(6) motion into one for summary judgment. *Tellabs, Inc. v. Makor Issued & Rights,* 551 U.S. 308 (2007); *Teamer*, 2012 WL 1551309, at *7.

## ARGUMENT AND AUTHORITIES

## I.   Plaintiff's FMLA claim is barred by sovereign immunity.

The United States, as sovereign, is immune to suit except as it consents to be sued. *FDIC v. Meyer*, 510 U.S. 471, 475, (1994); *United States v. Mitchell*, 463 U.S. 206, 212, (1983); *Hebert v. U.S.*, 438 F.3d 483, 487 (5th Cir. 2006). "Federal employees with more than twelve months of service do not have a private right of action for FMLA violations." *Carlson v. White*, No. 04-41456, 133 Fed. Appx. 144, 144-45 (5th Cir. 2005) (citing 5 U.S.C. §§ 6381-6387) (*per curiam*). Plaintiff worked for the federal government for over twelve months. Dkt. 37 ¶ 15. Because sovereign immunity must be expressly and

6

unequivocally waived, the FMLA's lack of an express provision allowing a private right of action for federal employees means that the Court lacks subject matter jurisdiction over Plaintiff's FMLA claims. *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 734, 102 S. Ct. 2118, 72 L. Ed. 2d 520 (1982).

## II.   Plaintiff failed to exhaust his administrative remedies.

### A.   Standard.

Prior to commencing a Title VII suit in federal district court, a plaintiff must exhaust his or her remedies at the administrative level by asserting all claims in an administrative complaint and allowing the agency time to act on the complaint. *Mogenhan v. Shinseki*, 630 F. Supp. 2d 56, 60 (D.D.C. 2009). The most basic requirement for exhausting a Title VII claim is that the plaintiff must present the claim to his employing agency in a formal EEO complaint. 29 C.F.R. § 1614.106(a) ("A complaint must be filed with the agency that allegedly discriminated against the complainant."); *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976) ("Initially, the complainant must seek relief in the agency that has allegedly discriminated against him."). To initiate the process, an employee "must initiate contact with an [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the date of the action." 29 C.F.R. § 1614.105(a)(1).  At the conclusion of this process, the employee receives a notice after which a "complaint must be filed with the agency that allegedly discriminated against the complainant" within 15 days. 29 C.F.R. 1614.106 (a) and (b). This "exhaustion requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (internal quotation marks omitted).

The Supreme Court ruled that "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" are "separate actionable 'unlawful employment practice[s]'" that must

be brought timely. *AMTRAK v. Morgan*, 536 U.S. 101, 106-114 (2002). As such, the continuing violation doctrine does not apply to retaliation or discrimination claims. *Warnell v. BP Prod., N. Am.,* 2015 WL 4064171, at *5 (S.D. Tex. July 2, 2015).

"These procedural requirements governing plaintiff's right to bring a [discrimination] claim are not mere technicalities, but part and parcel of the Congressional design to vest in the federal agencies… primary responsibility for maintaining nondiscrimination in employment." *Patterson v. Johnson*, 391 F.Supp.2d 140, 145 (D.D.C. 2005) (explaining exhaustion requirements in a Title VII case, which is governed by the same regulations) (citation and internal quotation marks omitted).   Further, by requiring employees to exhaust their administrative remedies, the law helps "to ensure that the federal courts are burdened only when reasonably necessary." *Id.*

### B.  Plaintiff cannot sue for being removed from his position as a medical supply technician on October 8, 2019, because he failed to exhaust that claim.

Plaintiff failed to exhaust his claim for being removed from the medical supply technician job on October 8, 2019. Management's decision to allegedly remove the Plaintiff from his duties as a medical supply technician is considered a discrete act. Ex. A. Plaintiff must raise all claims within forty-five (45) days of their occurrence. Plaintiff's claim that management removed him from his duties as a medical supply technician was not raised within forty-five (45) days and was thus dismissed as an independently actionable claim. Ex. A. The Court cannot consider Plaintiff's alleged removal on October 8, 2019, for any of Plaintiff's claims or damages, and this claim should be dismissed.

## III.  Plaintiff's disability discrimination claims for failure to provide a reasonable accommodation claim fails as a matter of law.

### A.  Standard.

The Rehabilitation Act "impose[s] upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals." *Smith v. Harris Cty., Texas*, 956 F.3d 311, 317 (5th Cir. 2020) (quoting *Bennett–Nelson v. Louisiana Board of Regents*, 431 F.3d 448, 454 (5th Cir. 2005)).

8

To establish a *prima facie* case on a failure-to-accommodate claim, a plaintiff must show that: (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity denied or failed to make reasonable accommodations. *Id.* (quoting *Ball v. LeBlanc*, 792 F.3d 584, 596 n. 9 (5th Cir. 2015)). The law does not require an employer to provide a plaintiff's preferred accommodation, only one that is reasonable. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011). "An accommodation is reasonable if 'it does not impose undue financial or administrative burdens or 'fundamentally alter the nature of the service, program or activity.'" *Id.* (quoting *Cadena v. El Paso Cty.*, 946 F.3d 717, 724 (5th Cir. 2020)).

Factors to consider when determining whether an accommodation is "reasonable" include: (1) the size, facilities, and resources of the defendant, (2) the nature and cost of an accommodation, (3) the extent to which the accommodation is effective in overcoming the effects of the disability, and (4) whether the accommodation would require a fundamental alteration in the nature of the defendant's program. *See, e.g.,* 45 C.F.R. § 84.12(c)(1-3); *School Bd. of Nassau County v. Arline,* 480 U.S. 273, 288 n.17 (1987). Reasonable accommodations include modifications to an existing job or reassignment to a vacant position but do not include creating a vacancy or a new job. *Barricks v. Minyard Food Stores, Inc.,* 170 F.3d 184 (5th Cir. 1999). "A function is 'essential' if it bears 'more than a marginal relationship' to the employee's job." *E.E.O.C. v. LHC Grp., Inc.,* 773 F.3d 688, 697 (5th Cir. 2014) (quoting *Zenor v. El Paso Healthcare Sys.,* Ltd., 176 F.3d 847, 853 (5th Cir. 1999)). "The inquiry into whether a particular function is essential initially focuses on whether the employer actually requires employees in the position to perform the functions that the employer asserts are essential." *Id.* at 698 (quoting Interpretive Guidance on Title I of the Americans With Disabilities Act, 29 C.F.R. pt. 1630, app. § 1630.2(n)).

"It is the plaintiff's burden to request reasonable accommodations." *Jenkins v. Cleco Power, LLC,* 487 F.3d 309, 315 (5th Cir. 2007). In addition, "[a] plaintiff bears the burden of proving the

reasonableness of an accommodation in his prima facie case." *Jones v. Lubbock Cty. Hosp. Dist.,* 834 F. App'x 923, 926 (5th Cir. 2020). The reasonableness of an accommodation is generally a fact question. *Id.*

### B. To the extent Plaintiff now claims that he could have been accommodated, Plaintiff's claim fails as a matter of law because he is not disabled.

Even though Plaintiff has a long list of restrictions, Dkt. 37-2, Plaintiff has previously claimed that his only restriction was a temporary inability to lift anything over fifteen (15) pounds. To the extent that Plaintiff claims this was his only restriction, the Plaintiff is not disabled under the law.

Under the ADA, a "disability" means: (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2). "Substantially limits" generally means (i) unable to perform a major life activity that the average person in the general population can perform; or (ii) significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average persons in the general population can perform the same major life activity. 29 C.F.R. § 1630.2(j)(1). Pursuant to the Code of Federal Regulations, "the term *substantially limits* means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *See Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 805 (5th Cir. 1997), quoting 29 C.F.R. § 1630.2(j)(3) (1996) (emphasis in original). "The inability to perform *a single, particular job* does not constitute a substantial limitation in the major life activity of working." *Id.* "Thus, an individual is not substantially limited in working just because he or she is unable to perform a particular job for one employer, or because he or she is unable to perform a specialized job or profession requiring

10

extraordinary skill, prowess, or talent." 29 C.F.R. § 1630.2(j), App. (1996); *see Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 727 (1995).

While Plaintiff does not specifically state what his restrictions were, he has previously claimed that his disability was that from August 18, 2019- February 1, 2021, he could not lift things over fifteen (15) pounds. If that is his only restriction, then Plaintiff is not disabled.

Not being able to lift fifteen (15) pounds does not substantially prevent the Plaintiff from performing a major life activity. As the Court pointed out in its previous order, Plaintiff's restriction was temporary and would not prevent him from doing all but one small part of his job. Dkt. 33 at 8. If fact, Plaintiff contends that his injury was so inconsequential that he was able to perform the job in its entirety with no restriction for almost two (2) months. Dkt. 37 ¶ 19. Therefore, Plaintiff's injury does not even prevent him from performing this specific job, let alone a broad range of jobs.

To the extent that Plaintiff claims that "he could not get out of bed due to severe pain," Plaintiff could not be accommodated with anything other than liberal use of leave.

While the evidence Plaintiff attached and argues in his complaint indicates that Plaintiff was unable to sit, stand, walk, type, etc.…, Plaintiff baselessly claims that he could still perform several jobs as a medical technician so long as he did not lift anything over fifteen (15) pounds. If this is Plaintiff's only alleged disability, then his reasonable accommodation claim fails as a matter of law and should be dismissed with prejudice.

### C. To the extent that Plaintiff is disabled, his disabilities are so voluminous that Plaintiff cannot be accommodated with anything other than liberal leave.

Plaintiff's claim for denial of a reasonable accommodation fails because he cannot identify any accommodation he can do with his alleged disabilities. Throughout his complaint, Plaintiff never specifically states in what way he was restricted, and which duties he could no longer perform. Plaintiff does, however, attach a duty status report. Dk 37-2.

11

Plaintiff has the following restrictions:

    1.      Cannot lift more than fifteen (15) pounds.
    2.      Cannot sit more than two (2) hours.
    3.      Cannot stand more than two (2) hours.
    4.      Cannot walk more than two (2) hours.
    5.      Cannot climb more than one (1) hour.
    6.      Cannot kneel more than two (2) hours.
    7.      Cannot bend/stoop more than two (2) hours.
    8.      Cannot twist more than two (2) hours.
    9.      Cannot pull or push more than two (2) hours.
    10.     Cannot grasp for more than two (2) hours.
    11.     Cannot use fine manipulation, including typing, for more than six (6) hours.
    12.     Cannot reach above his shoulder for more than one (1) hour.

Plaintiff's restrictions are substantial, to say the least.

As a medical supply technician Plaintiff must be able to receive contaminated critical and semi-critical reusable medical equipment (RME) in the decontamination area, disassemble the RME and determine the correct cleaning methods, inspect, assemble, and determine the correct method and packaging for sterilization, and perform and document daily operational checks and records for all processes and equipment. Dkt 37-1 at 1. To do this, Plaintiff must be able to stand and walk throughout the entire workday, with frequent bending and lifting of packages, occasionally as much as fifty (50) pounds. Dk 37-1 at 4.

Assuming *arguendo*, Plaintiff's restrictions prevent him from performing the essential functions of the job. Plaintiff cannot walk, stand, sit, or even type at a keyboard. Given his reported restrictions, there is no position or allowances that Plaintiff could work while lying down. Plaintiff does not identify any accommodations that could have been made that comply with all these restrictions and still allow the Plaintiff to perform the essential functions of the job. As such, this claim should be dismissed.

### D. Plaintiff alleges that the Department of Labor is the agency that decided that he was not allowed to work.

To the extent that Plaintiff can bring a claim for not receiving an accommodation on October 8, 2019, those allegations do not involve the Defendant. Plaintiff claims that he was taken off the job

and no longer allowed to work on October 8, 2019, specifically "by the OWCP Department at the DeBakey Medical Center." Dkt. 37 ¶ 19. This is the Department of Labor, administers the federal workers compensation program for on-the-job injuries, not the Department of Veteran Affairs. To the extent that Plaintiff has a claim for not receiving an accommodation that allowed him to work, Plaintiff alleges that the decision was made by an entirely different agency. Thus, Defendant cannot be held liable for not giving the Plaintiff his requested accommodation, and this claim should be dismissed.

### E. The VA provided an accommodation by allowing the Plaintiff to use liberal amounts of leave.

To the extent that Plaintiff needed an accommodation, he was accommodated with liberal amounts of leave. As argued above, Plaintiff's restrictions are so numerous that Plaintiff could not perform the essential functions of the job. Plaintiff was, therefore, accommodated with the only thing that worked within his restrictions, being allowed liberal amounts of leave. Plaintiff does not provide any allegations that another position was available that would have accommodated all his temporary alleged disabilities. As such, his reasonable accommodation should be dismissed.

### F. To the extent that Plaintiff alleges that he successfully performed the job for months without an accommodation, Plaintiff is not entitled to an accommodation.

It follows that an employer need not accommodate a disability that is irrelevant to an employee's ability to perform the essential functions of her job—not because such an accommodation might be unreasonable, but because the employee is fully qualified for the job without accommodation and therefore is not entitled to an accommodation in the first place. *See Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 934 (7th Cir. 1995) ("If the disability affects the employee's work ability, the employer must then consider if a 'reasonable accommodation' can be made."); *Vande Zande v. Wis. Dep't of Admin.*, 44 F.3d 538, 542 (7th Cir. 1995) ("To 'accommodate' a disability is to make some change that will enable

the disabled person to work."); *see also U.S. Airways v. Barnett*, 535 U.S. 391, 397 (2002) ("The [ADA] requires preferences in the form of 'reasonable accommodations' that are needed for those with disabilities to obtain the same *workplace opportunities* that those without disabilities automatically enjoy." (emphasis altered)). A disabled employee who can perform the essential functions of a job despite his or her physical or mental limitations is qualified for the job, and the ADA prevents the employer from discriminating against her based on an irrelevant disability. *Brumfield v. City of Chicago*, 735 F.3d 619, 632-633 (7th Cir. 2013).

But since the employee's limitations do not affect the ability to perform those essential functions, the employer's duty to accommodate is not implicated. *Cf. Hoffman v. Caterpillar, Inc.*, 256 F.3d 568, 577 (7th Cir. 2001) ("[N]othing in the [ADA] requires an employer to accommodate the employee so that she may perform any nonessential function [of the job at issue] that she chooses."). This explains why the EEOC defines "reasonable accommodation" to refer to workplace adjustments "that enable an individual with a disability who is qualified to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii). It also makes sense of the requirement that the employer provides such accommodations in the first place. *See* JOHN PARRY, DISABILITY DISCRIMINATION LAW, EVIDENCE AND TESTIMONY 172 (2008) ("Reasonable accommodations are intended to remove barriers that would prevent employees with disabilities from properly performing their duties.").

Plaintiff alleges that he was able to carry out his job duties, without an accommodation, and perform several other tasks. Dkt. 37 ¶ 20. To the extent that Plaintiff was disabled, his disability did not have a significant effect on his ability to do the job, therefore, Plaintiff is not entitled to an accommodation.

## IV. Plaintiff's disability discrimination claim fails as a matter of law.

### A. Standard.

The Rehabilitation Act provides the exclusive remedy for federal employees alleging disability

discrimination in the workplace. 29 U.S.C. § 790, *et seq. Lopez v. Kempthorne*, 684 F.Supp. 2d 827 (S.D. Tex. 2010) citing *Dark v. Potter*, 293 Fed. Appx. 254, 258 (5th Cir. 2008) (internal citations omitted). The Americans with Disabilities Act applies to federal employees through the Rehabilitation Act. *Crawford v. US. Dep't of Homeland Sec.,* 245 F. App'x 369, 380 (5th Cir. 2007) (citing 29 U.S.C. § 791). To establish a prima facie discrimination claim under the ADA and by extension, under § 501 of the Rehabilitation Act, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision on account of his disability, *i.e.,* there was a "causal nexus," *i.e.,* "causal connection," between the adverse employment action and his disability. *LHC Grp., Inc.*, 773 F.3d at 695, 697, 699 (brackets and internal quotes omitted) (citing *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)); *Rodriguez v. Eli Lilly & Co.*, 820 F.3d 759, 765 (5th Cir. 2016) (citing *LHC Grp., Inc.*, 773 F.3d at 697).

### B. To the extent that Plaintiff claims that his only restriction was an inability to lift heavy objects, Plaintiff does not have a disability.

The ADA defines "disability," as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual," 42 U.S.C. § 12102(1)(A) (actual disability), and alternatively, as "being regarded as having such an impairment," 42 U.S.C. § 12102(1)(C) (regarded-as disability); *see also* 29 U.S.C. § 705(9)(B) (The RA incorporates by references the ADA's definition of disability); *id.* § 705(20)(B). The ADA provides that "impairments that are transitory and minor" cannot form the basis of regarded-as disability. 42 U.S.C. § 12102(3)(B)

Plaintiff never explicitly states what his disability is, and how long the disability lasted. Plaintiff simply states that he tore his rotator cuff, strained his lower back, and became disabled. Dkt. 37 ¶14. While Plaintiff later states that he could not walk, type, sit, etc., and was completely bed-ridden, he has previously argued that the only adjustment he needed was to not lift over fifteen (15) pounds. If this was his only limitation, Plaintiff is not disabled under the law because this does not substantially

limit one or more major life activities. Notably, Plaintiff's own allegations are that he was able to carry out his job duties, without an accommodation, and perform several other tasks. Dkt. 37 ¶20. This is indicative of the fact that Plaintiff is not disabled.

As such, to the extent Plaintiff claims that being unable to lift over fifteen pounds (15) was his only limitation, Plaintiff is not disabled under the law.

### C. Plaintiff alleges that the Department of Labor is the agency that decided to take the Plaintiff "off the job."

To the extent that Plaintiff can bring a claim for allegedly being removed from the job on October 8, 2019, those allegations do not involve the Defendant. Plaintiff claims that he was taken off the job and no longer allowed to work on October 8, 2019, specifically "by the OWCP Department at the DeBakey Medical Center." Dkt. 37 ¶ 19. This is the Department of Labor, not the Department of Veteran Affairs. To the extent that Plaintiff has a claim for being removed from the position, Plaintiff alleges that the decision was made by an entirely different agency. Thus, Defendant cannot be held liable for removing Plaintiff from the position, and this claim should be dismissed.

### D. Plaintiff does not have an adverse employment action.

In the context of a discrimination claim, only "ultimate employment decisions" are actionable. *Austgen v. Allied Barton Sec. Servs., L.L.C.,* 815 F. App'x 772, 777 (5th Cir. 2020). Ultimate employment decisions include "hiring, granting leave, discharging, promoting, and compensating." *Stringer v. N Bolivar Consol. Sch. Dist.,* 727 F. App'x 793, 799 (5th Cir. 2018). Actions that are "the equivalent of a demotion" may suffice. *Id.* Forced leave may be considered "a *benefit* to employees to prevent their being terminated." *Barricks,* 170 F.3d at *4. "Time off, whether paid or unpaid, can be a reasonable accommodation," and "[t]emporary unpaid leave is not rendered unreasonable simply because it 'involve[d] some cost' to employee." *Austgen,* 815 F. App'x at 775. The Fifth Circuit has also explained that unpaid leave is not an adverse employment decision if it is imposed when the employee "otherwise

have faced attendance discipline." *Clark v. Charter Commc'ns, L.L.C.,* 775 F. App'x 764, 768 (5th Cir. 2019).

Plaintiff claims that the adverse employment action that occurred because of disability discrimination is that he was not allowed to work and given liberal leave. Dkt 37 ¶ 39. These actions allegedly occurred between October 8, 2019, to January 16, 2020, and then from January 29, 2020, to February 1, 2021. As argued above, Plaintiff is barred from bringing a claim for allegedly being removed from the job on October 8, 2019 and barred from any FMLA related claims. Thus, Plaintiff can only sue for being provided liberal leave during these two time periods. Given his multitude of alleged disabilities, Plaintiff could not perform the essential functions of the job. The leave provided was not only necessary, but a benefit to prevent termination or attendance discipline. *Barricks,* 170 F.3d at *4. Plaintiff fails to show that he suffered an adverse employment action, therefore his case should be dismissed.

## V.   Plaintiff's disability discrimination claim fails under the McDonnell Douglas framework.

### A.   Standard.

A plaintiff alleging disability discrimination can either provide direct evidence of the discrimination or rely on the *McDonnell-Douglas* burden-shifting framework. *EEOC v. LHC Grp., Inc.,* 773 F.3d 688, 694 (5th Cir. 2014). Here, Plaintiff is proceeding under *McDonnell-Douglas.* Under the framework, the plaintiff must first establish a *prima facie case* of disability discrimination. *Id.* If he is successful, then Defendant must articulate a legitimate, nondiscriminatory reason for its actions. *Id.* Finally, the burden shifts back to the plaintiff to show that Defendant's proffered reason is pretext for discrimination. *Id.* "Under the ADA, 'discrimination need not be the sole reason for the adverse employment decision so long as it actually plays a role in the employer's decision-making process and has a determinative influence on the outcome.'" *Id.* at 696 (alterations omitted)

17

(quoting *Pinkerton v. Spellings,* 529 F.3d 513, 519 (5th Cir. 2008))); *see also Pinkerton,* 529 F.3d at 516 ("[T]he § 501 causation standard and the ADA [causation] standard . . . are equivalent[.]").

### B. The VA has a legitimate non-discriminatory reason for placing the Plaintiff on liberal use of leave.

To the extent that the Court finds that the Plaintiff stated a prima facie case for discrimination, Defendant has a legitimate non-discriminatory reason for allowing the Plaintiff liberal use of leave. Plaintiff's long list of disabilities show that he was unable to perform the essential functions of the position. So long as Plaintiff remained this disabled, the only reasonable solution that would allow the Plaintiff to stay employed was to provide liberal use of leave. Plaintiff does not provide any allegations that show that the liberal use of leave was provided for discriminatory reasons. At best, Plaintiff argues that he did not want that accommodation, but Plaintiff is not entitled to choose his accommodation, nor do his allegations amount to a pretext for discrimination. As such, Plaintiff's claim should be dismissed with prejudice.

## VI. Plaintiff's retaliation claim fails as a matter of law.

### A. Standard.

Title VII makes it unlawful for an employer to "discriminate against any of his employees . . . because [the employee] has opposed any practice made unlawful . . . by this subchapter, or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." Section 42 U.S.C. § 2000e-3(a).

A plaintiff must point to facts showing that: (1) she engaged in a statutorily protected activity; (2) she was subjected to an adverse employment action; and (3) there is a causal link between the protected activity and the adverse employment action. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004). The third element, causation, requires the plaintiff to point to evidence showing that the adverse employment action would not have occurred but for the protected conduct. *See*

*Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005).

> **B. Plaintiff has no causal connection between his protected activity and his termination.**

Plaintiff alleges that he was retaliated against for filing an EEO complaint against the VA for disability discrimination and for requesting FMLA leave. Plaintiff has no allegations to establish causation.

"A plaintiff alleging retaliation may satisfy the causal connection element by showing close timing between an employee's protected activity and an adverse action against him." *Feist v. La, Dep't of Justice, Office of the Att'y. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (quotation and alteration omitted). The temporal proximity must generally be "very close." *Id.* (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001)). The more attenuated in time, the more other evidence of discrimination is required to show retaliation. *See id.* at 454–55. In *Myers v. Crestone Intern., L.L.C.*, a three-month period between the plaintiff's protected activity and the alleged retaliatory act was insufficient to demonstrate causation. *Myers v. Crestone Intern., L.L.C.*, 121 F. App'x 25, 28 (5th Cir. 2005).The Fifth Circuit has repeatedly held that gaps of eight to ten months between the protected activity and the alleged adverse employment action break a causal chain. *Atkins v. Se. Cmty. Health Sys.*, 712 F. App'x 388, 391 (5th Cir. 2017) (ten-month gap); *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 479 (5th Cir. 2015) (eight-to ten-month gap); *Bryan v. Chertoff*, 217 F. App'x 289, 293 (5th Cir. 2007) (four-month gap insufficient to establish causal nexus where personnel who suspended plaintiff were unaware of complaint and legitimate, non-discriminatory reasons undergirded the suspension).

Plaintiff alleges that he was retaliated against for filing an EEO complaint around April 30, 2020, and for requesting FMLA leave. Dkt. 37 ¶ 35. As previously argued, Plaintiff cannot bring an FMLA retaliation claim because the claim is barred by sovereign immunity. However, even if Plaintiff could bring such a claim, both fail as a matter of law because he has no allegations that establish

19

causation.

Plaintiff's employment was terminated on July 28, 2021. There are 15 months between Plaintiff's decision to file an EEO complaint and his termination, and Plaintiff's request for FMLA leave occurred around October 2019, which is 21 months between the FMLA request and Plaintiff's termination. In short, there is a significant amount of time between Plaintiff's alleged protected activities and the termination. The causal chain is broken.

Instead, Plaintiff alleges that because the Douglas Factors are debatably in his favor, there is a causal connection between the protected activity and the termination. The Douglas Factors have nothing to do with Plaintiff's retaliation claim. Plaintiff makes conclusory allegations that he should not have been fired because, the other employee allegedly started the fight and because getting into an oral or physical altercation with another employee has nothing to do with his job responsibilities. But these allegations have no bearing on the question of whether Plaintiff was fired specifically because of his protected activities. Plaintiff does not have any allegations that show that his participation in the protected activities caused his firing. At best, Plaintiff just challenges whether he caused the fight. There are no allegations that show that the termination is associated with the protected activities. Despite filing four complaints on the matter, Plaintiff is unable to establish causation for his retaliation claim. Plaintiff should not be allowed another opportunity to amend, and his claim should be dismissed.

## VII.   Plaintiff's retaliation claim fails under the McDonnell Douglas framework.

### A.   Standard.

Once the plaintiff addresses the elements necessary to state a claim, the burden shifts to the defendant to explain how the adverse employment action was nonretaliatory. *Standley v. Rogers*, 680 Fed. Appx. 326, 327 (5th Cir. 2017) citing *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 (1973). If the employer meets its burden, the burden then shifts back to the plaintiff to offer evidence that the

employer's stated reason was only pretext for discrimination or retaliation. *Standley* at 327.

> **B. The VA has a legitimate non-discriminatory reason for terminating the Plaintiff's employment.**

Even if Plaintiff's allegations established a claim for retaliation, Plaintiff's claim fails under the *McDonnell Douglas* framework. The evidence Plaintiff attached to his complaint show that the Plaintiff's employment was terminated for getting into a physical altercation with another employee. Dkt. 37-9. This physical altercation was about an ongoing situation with the Plaintiff's significant other and has no relation to the Plaintiff's protected activities. Dkt. 37-3; Dkt. 37-8. Plaintiff does not have any plausible allegations that show that the termination was simply a pretext for retaliation. Instead, Plaintiff makes conclusory allegations that the Defendant's stated reasons simply are not good enough because he does not agree with them. As such, Plaintiff's claim should be dismissed.

## CONCLUSION

Plaintiff failed to state a claim as a matter of law because either the Court lacks jurisdiction over the claims or his allegations do not amount to retaliation, disability discrimination, FMLA violation or failure to provide a reasonable accommodation. This is Plaintiff's third amended complaint. He has had four opportunities to properly plead his suit, and the Court already dismissed the Plaintiff's claims once without prejudice so the Plaintiff could replead. Plaintiff's claims still fail on their face, and he should not get a fifth opportunity to replead his case. Therefore, the Court should grant Defendant's motion to dismiss, and Plaintiff's suit should be dismissed with prejudice.

Respectfully Submitted,

JENNIFER B. LOWERY
United States Attorney
Southern District of Texas

By: /s/ *Ariel N. Wiley*
    Ariel N. Wiley
    Assistant United States Attorney
    Texas Bar No. 24093366
    Federal ID No. 2554283
    1000 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone: (713) 567-9000
    Facsimile: (713) 718-3303
    Email: ariel.wiley@usdoj.gov

    ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on October 6, 2022, the foregoing filing was filed with the Court through the Court CM/ECF system on all parties and counsel registered with the Court CM/ECF system.

/s/ *Ariel N. Wiley*
Ariel N. Wiley
Assistant United States Attorney

22