United States District Court
Southern District of Texas
**ENTERED**
January 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIE DICKERSON, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-21-3805 |
| § | |
| DENIS MCDONOUGH, SECRETARY, § | |
| DEPARTMENT OF VETERANS § | |
| AFFAIRS, § | |
| § | |
| Defendant. § | |

**ORDER**

In this employment discrimination suit, both parties have moved for reconsideration of the court's September 8, 2023 memorandum and opinion granting in part and denying in part the employer's motion for summary judgment. (Docket Entry No. 79). Both motions for reconsideration are denied.

For the reasons stated in the court's memorandum and opinion, there are genuine factual disputes material to determining whether: (1) the Department of Veterans Affairs could have accommodated Willie Dickerson's disability after his first injury; and (2) Dickerson's termination was motivated by his protected activities.

Dickerson has still not identified sufficient evidence to raise a genuine issue of material fact as to whether he could have performed the essential functions of the job after his second injury, which was more severe than his first. His motion for reconsideration is denied.

The VA's grounds for reconsideration fare no better. The VA argues that the court found issues of material fact based on inadmissible evidence or where not supported by any evidence in the record. The court is unpersuaded that the asserted error exists. Dickerson's affidavit is

competent summary judgment evidence, because "[s]elf-serving affidavits . . . may create fact issues even if not supported by the rest of the record." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021).  The VA has not pointed to evidence establishing that the court relied on a hearsay statement by Gwendolen Holland, and the VA's Rule 1002 argument appears for the first time in its motion for reconsideration.  The VA has not shown that the essential functions of the medical supply technician job were incompatible with Dickerson's restrictions after his first injury.  The VA has not shown that Dickerson's claims are precluded as a matter of law by his alleged failure to supply necessary medical documentation to the VA.  Finally, the VA has failed to conclusively show that Dickerson's protected activity did not factor into his termination through the memorandum on which the decisionmaker, Francisco Vasquez, relied.

      For these reasons, the motions for reconsideration are denied.  (Docket Entry Nos. 81, 82).

      SIGNED on January 2, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge