United States District Court
Southern District of Texas
**ENTERED**
January 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIE DICKERSON, | § <br> § <br> § |
| Plaintiff, | § |
| v. | §    CIVIL ACTION NO. H-21-3805 |
| | § |
| U.S. DEPARTMENT OF VETERANS AFFAIRS AND DENNIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS, | § <br> § <br> § <br> § <br> § |
| Defendant. | |

**MEMORANDUM AND OPINION**

**I.   Background**

The plaintiff in this employment discrimination case, Willie Dickerson, alleges that his former employer, the Department of Veterans Affairs, discriminated against him on the basis of disability and terminated his employment in retaliation for his protected activity. The discovery cutoff date was January 23, 2023. (Docket Entry No. 52). Docket call is set for January 16, 2024. (Docket Entry No. 85).

The VA moves to exclude three supplements to Dickerson's initial disclosures—produced on September 27, 2023, December 15, 2023, and December 17, 2023—on the ground that the supplement violates Federal Rule of Civil Procedure 26. (Docket Entry Nos. 91, 92). Dickerson's supplements disclosed five new witnesses[1] and 167 pages of documents. (Docket Entry No. 91 at 1; Docket Entry No. 92 at 1). The documents include medical records, employment records,

---

[1] The newly disclosed witnesses are Dawn Davies, Marcus Carter, Tiffani Gibbs, Angela Mayberry, and Sandrecia Davis. (Docket Entry No. 91 at 3).

witness statements, and records of Dickerson's request for a reasonable accommodation. (Docket Entry No. 91 at 3).

For the reasons that follow, the motion is denied and docket call is continued.

## II.     The Legal Standard

Federal Rule of Civil Procedure 26 provides that "a party must, without awaiting a discovery request, provide to the other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). In evaluating whether a discovery violation is harmless, courts look to four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

## III.    Analysis

### A.    The Importance of the Evidence

The parties agree that the evidence in Dickerson's disclosure supplements is important. (Docket Entry No. 91 at 3; Docket Entry No. 93 at 2–3). This factor weighs against exclusion. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707–08 (5th Cir. 2007).

**B.     The Prejudice to the Defendant**

The VA argues that it will be "greatly prejudiced" if the records and witnesses disclosed in the supplements are not excluded because the untimeliness of their disclosure prevented the VA "from conducting any discovery regarding these issues, such as deposing the doctors or the additional witnesses." (Docket Entry No. 91 at 3).  The VA contends that it had decided not to conduct discovery because "despite several requests made by the [VA] while they processed [Dickerson's] reasonable accommodation claim, [Dickerson] never produced medical records of his alleged injury, did not produce those records in his initial disclosures, never produced evidence of his damages, and did not have any supporting witnesses[.]" (*Id.* at 3–4).  The VA argues that allowing Dickerson to use this evidence now would be "a trial by ambush." (*Id.* at 4).

Dickerson argues that there is no prejudice to the VA from the disclosed witnesses because "[t]he individuals identified in the disclosures have been known to the [VA] since the beginning of this lawsuit." (Docket Entry No. 93 at 2).  Dickerson contends that each newly disclosed witness "made statements as part of the EEOC Investigation and were produced by [the VA] in its discovery responses." (*Id.*).  Dickerson also notes that "the statements made by Carter, Gibbs, and Mayberry are exhibits to Plaintiff's most recent, live Complaint." (*Id.*).  Finally, Dickerson notes that the witnesses "are employees of [the VA] and subject to the [VA]'s control." (*Id.* at 3).

Dickerson argues that the documents also do not prejudice the VA because the same documents "were previously produced by [the VA] in its discovery responses." (*Id.*).  Dickerson also argues that the VA could have discovered the documents earlier but did not because it chose to conduct no discovery. (*Id.*).

As explained below, any prejudice that the VA would suffer if the witnesses and documents are not excluded could be cured by a short continuance to allow additional time for discovery.

3

### C. The Possibility of Curing Any Prejudice By Granting a Continuance

Both parties argue that granting a continuance would do nothing to cure any prejudice. The VA's sole argument on this factor is that a continuance would not cure the prejudice because the court has already ruled on the VA's motion for summary judgment. (Docket Entry No. 91 at 4). Dickerson argues that a continuance is unnecessary because the information was known to the VA "since well before the end of the discovery period" and the VA will not conduct any discovery even if a continuance is granted. (Docket Entry No. 93 at 3–4).

The court is not persuaded that a continuance would do nothing to cure the prejudice to the VA, assuming any prejudice exists. The VA describes the would-be prejudice as a "trial by ambush" due to a lack of discovery. A one-month continuance would allow the VA to conduct any discovery it needs to avoid ambush. Dickerson's argument that a continuance is not "necessary" also misses the mark, because the standard is whether a continuance would cure the prejudice, not whether it would be necessary.

Accordingly, docket call is reset to **February 19, 2024 at 2:30 p.m.** by Zoom. A Zoom link will be provided. The joint pretrial order is due by February 14, 2024.

### IV. Conclusion

The motion to exclude, (Docket Entry No. 91), is denied and docket call is continued.

SIGNED on January 2, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge